1

HONORABLE RONALD B. LEIGHTON

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                    AT TACOMA

10

11   DEBRA ABEAR, Personal Representative of        Case No. C06-5550  RBL
     the Estate of Jason Raffeson,
12
                          Plaintiffs,               ORDER ON REMAND AND MOTION
13                                                  TO DISMISS FOR FAILURE TO FILE A
                    v.                              CERTIFICATE OF MERIT
14

15   CRAIG TEVELIET, individually; FAMILY
     PRACTICE CENTER OF GRAYS
16   HARBOR, P.C., a Washington professional
     service corporation; et.al.,
17
                          Defendants.
18

19

20          This matter is before the court on the Plaintiffs' Motion to Remand this case to state court. [Dkt. #20]

21   Also pending is the Defendants Teveliet's and Family Practice Center of Grays Harbor's Motion to Dismiss

22   Plaintiff's claims against them for failing to file a "certificate of merit" as required under RCW 7.70.150(1).

23   [Dkt. #17].  The Motion to Dismiss was filed earlier in time, but this Court must first determine whether it has

24   diversity jurisdiction over the case.  At issue in the Motion to Remand is the validity of Plaintiff's claims against

25   Teveliet's and Family Practice Center of Grays Harbor, given the passage of time between the events at issue

26   and the date of filing the subject case.

27          The case  has a  long and unusual procedural history. Plaintiff's initial complaint was filed in this court

28   two days prior to the expiration of the three year limitations period for her claims, on April 19, 2006.  At that

time, RCW 7.70.150(1) was not in effect. The defendants moved to dismiss that case based on the obvious lack of diversity among the parties. Rather than go to state court, plaintiff sought to add a trademark claim under the Lanham Act, apparently to create federal question jurisdiction. The Defendants sought to dismiss that claim on July 16, 2006.

In the meantime, RCW 7.70.150(1) had been passed in June of this year. It requires a plaintiff in a medical malpractice case to file a "certificate of merit" at the time the complaint is filed. For those filing at the end of the limitations period (within 45 days of the period's expiration), the statute permits an additional 45 days from the date of filing to file a certificate of merit. The obvious purpose of this provision is to permit one in danger of having her claims expire to promptly file the complaint and then, within 45 days, to supplement her filing with the required certificate of merit.

On August 24, 2006, four days before the District Court dismissed plaintiff's complaint, she filed a similar complaint (identical in all respects other than the Lanham Act claim) in state court. She did not file, and to date has not filed, a certificate of merit. On August 28, the District Court dismissed plaintiff's initial complaint. The "Purdue Pharma" defendants then removed the state court action to this court, alleging that there was diversity jurisdiction because the "in state" Defendants (Teveliet and Family Practice Center of Grays Harbor) were fraudulently joined because the claims against them were time barred. It also removed on the ground that the plaintiff's claims did in fact raise a federal question.[1]

Plaintiffs seek remand of the matter, arguing that Defendants Teveliet and Family Practice Center of Grays Harbor were not fraudulently joined, and that there is no federal question basis for jurisdiction.

1.      Remand/Jurisdiction

The Plaintiff's Motion to Remand is based on her contention that Defendants Teveliet and Family Practice Center were not fraudulently joined, and that their presence in the case destroys diversity. She emphasizes the familiar rules regarding this court's removal jurisdiction: Under *Conrad Associates v. Hartford Accident & Indemnity Co.,* 994 F. Supp. 1196 (N.D. Cal. 1998) and numerous other authorities, the party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. The removal statute is strictly construed against removal jurisdiction. The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing if removal is proper. *Conrad*, 994 F. Supp. at 1198.

---

[1]This basis has apparently been abandoned, at least for purposes of the pending motions.

ORDER
Page - 2

1   It is obligated to do so by a preponderance of the evidence.  *Id*. at 1199; *see also Gaus v. Miles,* 980 F.2d 564,

2   567 (9th Cir. 1992).  Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the

3   first instance.  *Id*. at 566.

4          The defendants counter that they have demonstrated that the in state or resident defendants, Teveliet

5   and Family Practice Center, are sham defendants, joined fraudulently within the meaning of 28 U.S.C. §144(b).

6   It is commonplace that fraudulently joined defendants will not defeat removal on diversity grounds, *Emriche*

7   *v. Touche Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir. 1988).  But, "[f]raudulent joinder is a term of art.  If the

8   plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the

9   settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.,*

10  811 F.2d 1336, 1389 (9th Cir. 1887); *see also Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313 (9th Cir. 1998).

11         Defendants here argue that the claims against Defendants Teveliet and Family Practice Center are

12  obviously time barred, as this action was commenced more than three years after the events giving rise to this

13  action.  Thus, they claim, under well-settled Washington law, the three year limitations period had expired and

14  the joinder of the resident defendants is insufficient to defeat diversity.

15         Plaintiff argues that the prior filing against these same defendants was timely, and therefore the

16  limitations period was tolled under state and federal law.   She relies primarily on state law, citing

17  RCW 4.16.170.  This statute says literally nothing about the effect of a timely, earlier filing on the limitations

18  period applied to a second action regarding the same subject matter.  Instead, as the Defendants point out, this

19  issue has been settled against the Plaintiff's position in *Dowell Co. v. Gagnon*, 36 Wn. App. 775, 677 P.2d 783

20  (1984):

>        The complaint in the latter action (the one before the court) was not filed within the
> 21     statutory period and is barred unless a tolling statute controls.  There is nothing in either
>        of these statutes [RCW 4.16.170 and .180] or in the common law permitting a cause of
> 22     action to remain in existence virtually in perpetuity by filing and forgetting a complaint.
>        The purpose of the statute of limitations is to force cases to trial while witnesses are still
> 23     available and memories are still clear.  That purpose would be effectively thwarted if the
>        filing of a complaint in the same venue but under a different filing number 10 years
> 24     before tolled the statute.

25         In her Reply, Plaintiff argues that under 28 U.S.C. §1367(d), the limitations period on her claims

26  against the resident defendants was tolled during the pendency of the original suit and for 30 days

27  following the District Court's dismissal of the complaint asserting those claims.  Defendants argue that

28  Judge Burgess never exercised supplemental jurisdiction over the Plaintiff's state law claims and that

1  §1367(d) therefore does not apply to extend the limitations period for 30 days following the court's

2  dismissal of Plaintiff's first complaint.  (It should be noted that if the 30-day extension applies, the second

3  action is timely).  This case does not present the typical §1367(d) situation.  Nevertheless, the justification

4  for tolling the limitations period on state law claims when a plaintiff's claimed basis for federal jurisdiction

5  is deemed incorrect applies with equal force here.  The limitations period on the state law claims was tolled

6  for 30 days following the earlier dismissal, under §1367(d).

7      This does not fully resolve the instant motion, however, because there is another fatal flaw in the

8  Plaintiff's state law claims against the resident defendants.

9      2.      Plaintiff's Failure to File the Required Certificate of Merit.

10     There is an alternate basis for concluding that the claims against the resident defendants are facially

11 flawed and are therefore not sufficient to defeat diversity.  Teveliet and Family Practice Center seek to

12 dismiss the claim for failure to file the required certificate of merit.  Plaintiff argues that RCW 7.70.150(1)

13 requires such a filing only when the complaint is commenced prior to the expiration of the limitations

14 period.  She apparently argues that the statute has no application where, as here, the period has lapsed but

15 was arguably[2] tolled due to some other, timely complaint.

16     There is literally no legal or logical support for this position.  At the time the complaint in this case

17 was filed, RCW 7.70.150(1) was in effect.  The limitations period on the claims was either expired or

18 tolled, and even the most generous reading on the statute would require plaintiff to file a certificate of

19 merit within 45 days of her complaint.  It has been far longer than that, and no certificate has been filed.

20     Plaintiff now seeks a 90-day extension of the time for filing, claiming without demonstrating that

21 "good cause" exists.  The Court does not agree.  Plaintiff's Motion to Remand is **DENIED** because her

22 claims against the resident defendants are fatally flawed and their presence in the case does not defeat

23 diversity.

24

25

26

27

28

[2]As is discussed above, Plaintiff's citation to and quotation of RCW 4.16.070 does not address this issue in any respect.

1       The Defendants' Motion to Dismiss based on the Plaintiff's failure to file the required certificate of

2   merit is **GRANTED**.  Plaintiff's claims against Defendants Teveliet and Family Practice Center are

3   **DISMISSED**.

4       DATED this 21st day of December, 2006.

5

6

7

8   RONALD B. LEIGHTON
    UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
Page - 5